**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PABLO RIVERA, JR., #39468-177, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:18-CV-2853-K (BH) |
| | ) | |
| M. UNDERWOOD, Warden, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's request to reinstate this case (doc. 9), received on March 19, 2019, after judgment was entered. Based on the relevant filings and applicable law, the request to reinstate the case should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **GRANTED**, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**.

**I. BACKGROUND**

On October 25, 2018, Pablo Rivera, Jr. (Petitioner) filed this action under 28 U.S.C. § 2241. (*See* doc. 3.) By *Notice of Deficiency and Order* dated October 26, 2019, Petitioner was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"). (*See* doc. 4.) He was ordered to either pay the fee or file an IFP motion within thirty days, and he was specifically advised that a failure to comply with the order could result in the dismissal of the petition for failure to prosecute or to follow court orders. After he failed to comply with the order, it was recommended on January 4, 2019, that the case be dismissed, and it was dismissed for failure to prosecute or follow court orders on March 5, 2019. (*See* docs. 5, 7, 8.)

On March 19, 2019, Petitioner submitted documents showing that he had requested that the filing fee be withdrawn from his inmate account and forwarded to the Court on four occasions since

January 14, 2019, and asking for his case to be reinstated. (*See* doc. 9 at 1, 3-4.)[1] The filing fee was received on March 26, 2019.

## II. FED. R. CIV. P. 59(e)

Because Petitioner's request to reinstate the case was received within 28 days of the entry of judgment, it is liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's motion does not implicate either an intervening change in law or the

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

availability of new evidence, but it does implicate a manifest error of fact. His documentation shows that he asked that the filing fee be withdrawn from his inmate account on January 14, 2019, and that he submitted three requests after that. (*See* doc. 9 at 3-4.) The requests were all submitted before the case was dismissed, so Petitioner was attempting to comply with the Court's order and to prosecute his case. The filing fee has now been paid as a result of his requests. Given his pre-dismissal attempts to comply with the order, and his compliance, the balance tips in favor of the need to render a decision on the merits of the case.

### III.  RECOMMENDATION

Petitioner's filing should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **GRANTED**, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**.

**SIGNED on this 28th day of March, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE