IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PABLO RIVERA, JR, ) | |
|    ID # 39468-177, ) | |
|       Petitioner, ) | |
| ) | |
| vs. ) | No. 3:18-CV-2853-K-BH |
| ) | |
| M. UNDERWOOD, Warden, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 25, 2018 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

### I.    BACKGROUND

Pablo Rivera, Jr. (Petitioner), a federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), was convicted of one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846 in the United States District Court for the Western District of Texas. (*See* doc. 16 at 3, 11.)[2] He was sentenced to 188 months' imprisonment, to be followed by a five-year term of supervised release. (*See id.* at 3, 12-13.) His sentence of imprisonment was later reduced to 165 months under 18 U.S.C. § 3582(c)(2). (*See id.* at 3, 19.) He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the determination by the Bureau of Prisons (BOP) that he was ineligible for early release under 18 U.S.C. § 3621(e) following successful completion of a

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

residential drug abuse program (RDAP) while incarcerated. (*See* doc. 3 at 5.) He seeks eligibility for early release under 18 U.S.C. § 3621(e) following successful completion of the RDAP. (*See id.* at 7.)

The respondent argues that the § 2241 petition "should be dismissed because judicial review is statutorily precluded, the Petitioner has no protected liberty interest in early release, and it is a valid exercise of the discretion afforded to the Director of the Bureau . . . to preclude inmates from early release eligibility when their drug conviction is accompanied by an enhancement for the use or possession of a dangerous weapon (including a firearm)." (doc. 15 at 6.) On June 7, 2021, the respondent filed a notice stating that Petitioner was released from BOP custody on June 4, 2021. (*See* doc. 17.)

## II.     JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody."

*Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)).  The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep the § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006).  A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *see also Kokoski v. Fox*, No. 1:10cv777, 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'") (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)).

   Here, Petitioner challenges the BOP's denial of his eligibility for early release under § 3621(e). (*See* doc. 3 at 5.)  He "does not challenge his conviction which carries collateral consequences even after release." *Green v. Maiorana*, 599 F. App'x 557, 558 (5th Cir. 2015) (citing *Spencer*, 523 U.S. at 7).  A challenge to the imposition and duration of confinement rather than the validity of a conviction becomes moot when the petitioner is released from custody. *Hutton v. Director, TDCJ-CID*, No. 6:18cv143, 2019 WL 6534936, at *2 (E.D. Tex. Oct. 30, 2019)) (citing *Lane v. Williams*, 455 US. 624, 631 (1982) and *Bailey*, 821 F.2d at 278-79) (other citations omitted).  Because the only relief he sought was early release from confinement, Petitioner's release from BOP custody while his petition was pending renders his claim moot. *See Lawson v. Berkebile*, No. 3:08-CV-1285-M, 2008 WL 5264634, at *2 (N.D. Tex. Dec. 16, 2008) (dismissing as moot the petitioner's § 2241 petition challenging denial of approval for early release

3

under § 3621(e) following the petitioner's release from custody).³ Accordingly, the § 2241 petition should be dismissed for lack of jurisdiction.

### III.   RECOMMENDATION

The *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 25, 2018 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 9th day of August, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

³ Even if the petition is not moot, and there is a possibility that Petitioner's period of supervised release may be shortened if he were found to have served excess prison time, this Court would still lack jurisdiction because only the sentencing court may make that determination. *Lawson v. Berkebile*, 308 F. App'x 750, 752 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(e)(2), 3605).